JS 44C/SDNY
REV. 4/2014

**CIVIL COVER SHEET**

14 CV 5348

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

JUDGE BERMAN

JUL 16 2014

**PLAINTIFFS**
David Morales
2825 Oliville Avenue, Apt. 2c
Bronx, NY 10467

**DEFENDANTS**
The City of New York, New York City Police Department, Bronx District Attorney Office, New York Police Sergeant Janusz Kojs, New York Police Officer Anthony Diaz

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Law Offices of Montell Figgins, LLC
17 Academy Street, Suite 601
Newark, NJ 07102

**ATTORNEYS (IF KNOWN)**

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. sec. 1983

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No[x] Yes[ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes[ ] If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No [x]   Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                NATURE OF SUIT

**TORTS**

**CONTRACT**

| | |
|---|---|
| [ ] 110 | INSURANCE |
| [ ] 120 | MARINE |
| [ ] 130 | MILLER ACT |
| [ ] 140 | NEGOTIABLE INSTRUMENT |
| [ ] 150 | RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT |
| [ ] 151 | MEDICARE ACT |
| [ ] 152 | RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) |
| [ ] 153 | RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS |
| [ ] 160 | STOCKHOLDERS SUITS |
| [ ] 190 | OTHER CONTRACT |
| [ ] 195 | CONTRACT PRODUCT LIABILITY |
| [ ] 196 | FRANCHISE |

**REAL PROPERTY**

| | |
|---|---|
| [ ] 210 | LAND CONDEMNATION |
| [ ] 220 | FORECLOSURE |
| [ ] 230 | RENT LEASE & EJECTMENT |
| [ ] 240 | TORTS TO LAND |
| [ ] 245 | TORT PRODUCT LIABILITY |
| [ ] 290 | ALL OTHER REAL PROPERTY |

**PERSONAL INJURY**

| | |
|---|---|
| [ ] 310 | AIRPLANE |
| [ ] 315 | AIRPLANE PRODUCT LIABILITY |
| [ ] 320 | ASSAULT, LIBEL & SLANDER |
| [ ] 330 | FEDERAL EMPLOYERS' LIABILITY |
| [ ] 340 | MARINE |
| [ ] 345 | MARINE PRODUCT LIABILITY |
| [ ] 350 | MOTOR VEHICLE |
| [ ] 355 | MOTOR VEHICLE PRODUCT LIABILITY |
| [ ] 360 | OTHER PERSONAL INJURY |
| [ ] 362 | PERSONAL INJURY - MED MALPRACTICE |

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

| | |
|---|---|
| [x] 440 | OTHER CIVIL RIGHTS (Non-Prisoner) |
| [ ] 441 | VOTING |
| [ ] 442 | EMPLOYMENT |
| [ ] 443 | HOUSING/ ACCOMMODATIONS |
| [ ] 445 | AMERICANS WITH DISABILITIES - EMPLOYMENT |
| [ ] 446 | AMERICANS WITH DISABILITIES -OTHER |
| [ ] 448 | EDUCATION |

**PERSONAL INJURY/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY**

| | |
|---|---|
| [ ] 367 | HEALTHCARE/ |
| [ ] 365 | PERSONAL INJURY PRODUCT LIABILITY |
| [ ] 368 | ASBESTOS PERSONAL INJURY PRODUCT LIABILITY |

**PERSONAL PROPERTY**

| | |
|---|---|
| [ ] 370 | OTHER FRAUD |
| [ ] 371 | TRUTH IN LENDING |
| [ ] 380 | OTHER PERSONAL PROPERTY DAMAGE |
| [ ] 385 | PROPERTY DAMAGE PRODUCT LIABILITY |

**PRISONER PETITIONS**

| | |
|---|---|
| [ ] 463 | ALIEN DETAINEE |
| [ ] 510 | MOTIONS TO VACATE SENTENCE 28 USC 2255 |
| [ ] 530 | HABEAS CORPUS |
| [ ] 535 | DEATH PENALTY |
| [ ] 540 | MANDAMUS & OTHER |

**PRISONER CIVIL RIGHTS**

| | |
|---|---|
| [ ] 550 | CIVIL RIGHTS |
| [ ] 555 | PRISON CONDITION |
| [ ] 560 | CIVIL DETAINEE CONDITIONS OF CONFINEMENT |

**FORFEITURE/PENALTY**

| | |
|---|---|
| [ ] 625 | DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 |
| [ ] 690 | OTHER |

**LABOR**

| | |
|---|---|
| [ ] 710 | FAIR LABOR STANDARDS ACT |
| [ ] 720 | LABOR/MGMT RELATIONS |
| [ ] 740 | RAILWAY LABOR ACT |
| [ ] 751 | FAMILY MEDICAL LEAVE ACT (FMLA) |
| [ ] 790 | OTHER LABOR LITIGATION |
| [ ] 791 | EMPL RET INC SECURITY ACT |

**IMMIGRATION**

| | |
|---|---|
| [ ] 462 | NATURALIZATION APPLICATION |
| [ ] 465 | OTHER IMMIGRATION ACTIONS |

**BANKRUPTCY**

| | |
|---|---|
| [ ] 422 | APPEAL 28 USC 158 |
| [ ] 423 | WITHDRAWAL 28 USC 157 |

**PROPERTY RIGHTS**

| | |
|---|---|
| [ ] 820 | COPYRIGHTS |
| [ ] 830 | PATENT |
| [ ] 840 | TRADEMARK |

**SOCIAL SECURITY**

| | |
|---|---|
| [ ] 861 | HIA (1395ff) |
| [ ] 862 | BLACK LUNG (923) |
| [ ] 863 | DIWC/DIWW (405(g)) |
| [ ] 864 | SSID TITLE XVI |
| [ ] 865 | RSI (405(g)) |

**FEDERAL TAX SUITS**

| | |
|---|---|
| [ ] 870 | TAXES (U.S. Plaintiff or Defendant) |
| [ ] 871 | IRS-THIRD PARTY 26 USC 7609 |

**OTHER STATUTES**

| | |
|---|---|
| [ ] 375 | FALSE CLAIMS |
| [ ] 400 | STATE REAPPORTIONMENT |
| [ ] 410 | ANTITRUST |
| [ ] 430 | BANKS & BANKING |
| [ ] 450 | COMMERCE |
| [ ] 460 | DEPORTATION |
| [ ] 470 | RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 480 | CONSUMER CREDIT |
| [ ] 490 | CABLE/SATELLITE TV |
| [ ] 850 | SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 890 | OTHER STATUTORY ACTIONS |
| [ ] 891 | AGRICULTURAL ACTS |
| [ ] 893 | ENVIRONMENTAL MATTERS |
| [ ] 895 | FREEDOM OF INFORMATION ACT |
| [ ] 896 | ARBITRATION |
| [ ] 899 | ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 950 | CONSTITUTIONALITY OF STATE STATUTES |

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____   OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____   DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [x] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN x IN ONE BOX ONLY)*

**ORIGIN**

[x] 1 Original Proceeding  [ ] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from (Specify District)  [ ] 6 Multidistrict Litigation  [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] a. all parties represented

[ ] b. At least one party is pro se.

*(PLACE AN x IN ONE BOX ONLY)*     **BASIS OF JURISDICTION**     *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 07/15/2014   SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 10   Yr. 2004 )
Attorney Bar Code # 4229662

Magistrate Judge is to be designated by the Clerk of the Court.   MAG. JUDGE FRANCIS

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

MONTELL FIGGINS, ESQ
17 Academy Street, Suite 601
Newark, New Jersey 10005
(973) 242-4700
Attorney for Plaintiff

JUDGE BERMAN

RECEIVED
JUL 16 2014
U.S.D.C. S.D. N.Y.

|  |  |  |
|---|---|---|
| | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE |
| DAVID MORALES, | : | SOUTHERN DISTRICT OF NEW YORK |
| | : | |
| Plaintiff, | : | **CIVIL ACTION NO:** _____ |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF NEW YORK, | : | |
| NEW YORK POLICE DEPARTMENT, | : | |
| BRONX DISTRICT ATTORNEY OFFICE,: | | |
| SERGEANT JANUSZ KOJS, | : | |
| OFFICER ANTHONY DIAZ, | : | |
| POLICE OFFICER JOHN DOE 1-10 | : | |
| | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff DAVID MORALES, by way of Complaint against Defendants, says:


## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42

   U.S.C. § 1983.  The Court has jurisdiction over the state law claims pursuant to 28 U.S.C.

   § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b).

## THE PARTIES

3. Plaintiff David Morales ("Plaintiff") currently resides at 2825 Oliville Ave. Apt 2C,

1

Bronx, New York 10467.

4. Defendants Sergeant Janusz Kojas, Officer Anthony Diaz, and Police Officers (hereinafter "Defendant Police Officers") are active police officers with the City of New York Police Department. Upon information and belief, at all times material hereto, the officers were resident of New York City, New York County. In addition, at all times material hereto, the officers were law enforcement officers and public employee and were acting within the scope of his duty as well as under color of law. Each officer is sued both personally and in their official capacity.

5. Defendant, The City of New York is a governmental entity in the State of New York with its place of business at 1 Centre Street, New York, NY 10007.

6. Defendant, The New York Police Department is a governmental entity in the State of New York with its place of business at 1 Police Plaza, New York, NY 10007.

7. Defendant, Bronx District Attorney's Office is a governmental entity in the State of New York with its place of business at 198 East 161st Street, Bronx, NY 10451.

8. Defendants, The City of New York, The New York Police Department, and the Bronx District Attorney's Office are sued in general and as provided by law.

9. This action is brought for damages and other appropriate relief under 42 U.S.C.A. § 1983 and all relevant New York tort statutes and common law.

<u>FACTS COMMON TO ALL COUNTS</u>

10. On or about August 30, 2011, Defendant Police Officers arrested Plaintiff for resisting arrest, menacing, falsely reporting an incident in the third degree, and harassment in the second degree. The complaint following the arrest was dismissed.

11. Immediately prior to arresting Plaintiff the Defendant Police Officers, Plaintiff arrived at

2

his residence with his wife and observed through the window, an unknown male rifling through his belongings.

12. Plaintiff then placed a 911 call to report the burglary in process.

13. In response to Plaintiff's 911 call three marked police vehicles arrived at Plaintiff's residence.

14. Plaintiff let Defendant Police Officers into the apartment with his keys to arrest the unknown male who he observed in his locked room.

15. Defendant Police Officers refused to arrest the unknown male and instead questioned Plaintiff about whether he actually lived in the apartment.

16. Plaintiff showed Defendant Police Officers his valid signed lease and an order of protection with special conditions allowing Plaintiff to occupy the home.

17. Defendant Police Officers disregarded Plaintiff's lease and order of protection and ordered Plaintiff and his wife to leave the home.

18. Plaintiff agreed and began collecting his belongings.

19. Defendant Police Officers placed Plaintiff under arrest.

20. Defendant Police Officers threw Plaintiff into a wall, smashed his face onto a closet, and tightly handcuffed Plaintiff. Defendant Police Officers roughly dragged Plaintiff out of the apartment causing Plaintiff's face and body to hit several walls on the way out and stumble down the stairs. Defendant Police Officers then threw Plaintiff in the backseat of the police vehicle. Plaintiff did not resist or otherwise challenge Police Officers.

21. During the above mentioned, Plaintiff did not resist or otherwise challenge Police Officers. However, Defendant Police Officers seemed to take great pleasure and delight from assaulting Plaintiff.

3

22. Additionally, Defendant Police Officers seemed to take great pleasure and delight in dominating Plaintiff, thereby exploiting the power that his authority, physical strength, and stature provided him.

23. As Plaintiff was being strong-armed out of the apartment, Plaintiff alerted the officers that he was having breathing problems.

24. Once at the police station Plaintiff again told Defendant Police Officers that Plaintiff was experiencing difficulty breathing.  Defendant Police Officers did nothing in regards to Plaintiff's complaint, but rather exhibited a complete disregard for the health and safety of Plaintiff.

25. Defendant Police Officers threw Plaintiff onto the precinct floor.  Plaintiff became disoriented due to shortness of breath.  Plaintiff again told the officers that he was having problems breathing.  In response Defendant Police Officers continued to ridicule Plaintiff.

26. Defendant Police Officers did nothing for several hours while Plaintiff repeatedly complained of breathing difficulties.  After several hours medical attention was finally sought for Plaintiff.

27. During the time Plaintiff was begging for medical attention Defendant Police Officers mocked, ridiculed and verbally abused Plaintiff instead of allowing Plaintiff to get the medical attention he needed.

28. Plaintiff was taken to Lincoln Hospital where he was treated for asthma.

29. On August 31, 2011, Plaintiff was arraigned in Criminal Court and released on Plaintiff's own recognizance.

30. The actions of Defendant Police Officers' caused Plaintiff to suffer mental and emotional

trauma. Plaintiff fears being mistaken as an aggressor and being shot by police officers if police officers are summoned by anyone.

31. Plaintiff began experiencing panic attacks in response to sirens and had to be placed on medication.

32. Plaintiff had marks on his wrists due to the handcuffs being placed too tightly.

33. Plaintiff attended therapy as a result of the trauma that he continues to suffer from.

34. Plaintiff suffered from marks, bruises, and substantial pain and suffering as a result of defendant's excessive physical force.

35. But for Defendant Police Officers actions, Plaintiff would not have sustained the above mentioned injuries.

36. As a direct and proximate result of said acts of the defendants, the Plaintiff suffered the following injuries:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures of his person;

   b. Violation of her constitutional rights under the New York State Constitution.

   c. Loss of physical liberty;

   d. Physical pain and suffering and emotional trauma and suffering;

   e. The actions of the defendants violated clearly established and well settled federal and state constitutional rights afforded to New York State residents.

## FEDERAL CONSTITUTIONAL CLAIMS UNDER 42 U.S.C.A. § 1983

### COUNT ONE

FALSE ARREST

37. Plaintiff repeats and re-alleges all of the foregoing allegation as if set forth at length herein.

38. This Cause of Action is brought by Plaintiff against Defendant Police officers John Doe(s) for deprivation of Plaintiff's Fourth Amendment rights.

39. Defendant Police Officers, acting under the color of state law, did arrest Plaintiff without probable cause.

40. Defendant Police Officers asked Plaintiff whether he lived at the residence.

41. Plaintiff showed Defendant Police Officers his lease and temporary restraining order containing special conditions establishing his occupancy in the home.

42. As Plaintiff made efforts to gather his effects in order to leave the apartment Defendant Police Officers nonetheless placed Plaintiff under arrest.

43. Defendant Police Officers ignored Plaintiff's efforts to comply with the officers' instructions and legal documents establishing his occupancy in the home.

44. Defendant Police Officers knew or should have known a custodial arrest made without probable cause is, per se, an unreasonable seizure and therefore violates the Fourth Amendment.

45. The above described acts and omissions of Defendant Police Officers were unreasonable, shocking to the conscious, and were committed intentionally, maliciously, willfully and/or with reckless or deliberate indifference, and in violation of the clearly established constitutional rights of which a reasonable person and/or police officer would have been aware of.

46. Defendant Police Officers knew or should have known that the above described actions were beyond their discretion and was unreasonable in light of the circumstances.

47. As a direct and proximate cause of Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered damages, including physical damage and violation of Plaintiff's Federal Constitutional Rights.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

## COUNT TWO

### EXCESSIVE FORCE

48. Plaintiff repeats and re-alleges all of the foregoing allegation as if set forth at length herein.

49. At the time of the complained of event, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

50. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

51. Any reasonable police officer would know or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

52. Defendant Police Officers knew or should have known of Plaintiff's right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

53. Defendant, Police Officers' actions and use of force as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by the Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

54. Defendant Police Officers' unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

55. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

56. None of the Defendant Police Officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

57. Defendant Police Officers engaged in conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

58. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

59. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

60. As a direct and proximate cause of Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered damages, including physical damage and violation of Plaintiff's Federal Constitutional Rights.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

## COUNT THREE

### DENIAL OF MEDICAL ATTENTION

61. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

62. This Cause of Action is brought against Defendants Police Officers for depravation of Plaintiffs Fourteenth Amendment Due Process Rights.

63. As a result of the excessive force used against Plaintiff and the assault on Plaintiff began suffering respiratory problems.

64. Plaintiff alerted Defendant Police Officers that he could not breathe as he was being

9

roughly hauled out of the apartment.

65. After Plaintiff was thrown into the squad car, Plaintiff repeatedly informed Defendant Police Officers that Plaintiff was in need of serious medical treatment.

66. However, Defendant Police Officers showed a deliberate indifference to Plaintiff's medical needs as evidenced by the delay in providing Plaintiff with medical attention.

67. After Defendant Police Officers threw Plaintiff onto the floor, theyg continued to ignore Plaintiff's need for medical attention, and joked about Plaintiff's condition.

68. Defendant Police Officers continued to show indifference to Plaintiff's medical condition by registering Plaintiff to be admitted to the psychiatric ward instead of the proper department of the hospital to treat his breathing problems.

69. As a direct and proximate cause of Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered damages, including physical damage and violation of Plaintiff's Due Process Rights.

70. As a direct and proximate cause of Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered damages, including physical damage and violation of Plaintiff's Federal Constitutional Rights.

**WHEREFORE,** Plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

## COUNT FOUR

MALICIOUS PROSECUTION

71. Plaintiff repeats and re-alleges all of the foregoing allegation as if set forth at length herein.

72. This Cause of Action is brought by Plaintiff against Defendants Police Officers and the Bronx District Attorney's Office for malicious prosecution.

73. Defendant Police Officers and the Bronx District Attorney's Office commenced a criminal proceeding against Plaintiff by arresting him without probable cause and filing false charges of resisting arrest, menacing, harassment, and falsely reporting an incident.

74. Defendants engaged in conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

75. The procurement of prosecution against Plaintiff for the known to be false allegations of resisting arrest, menacing, harassment, and falsely reporting an incident were malicious, shocking, and objectively unreasonable in the light of the circumstances.

76. Those criminal proceedings terminated in Plaintiff's favor.  The charges were dismissed against Plaintiff.

77.  In procuring prosecution against Plaintiff, Defendant Police Officers did intend to cause serious mental and emotional distress to Plaintiff by virtue of the false charges filed against Plaintiff.

78. Plaintiff suffered interference with his person and property by way of his arrest.

79. The above described intentional actions of Defendant Police Officers and the Bronx District Attorney's Office caused Plaintiff to be deprived of his liberty and did cause

11

Plaintiff to sustain severe, mental and emotional distress and substantial medical and other expenses.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

## COUNT FIVE

GROSS NEGLIGENCE AND CUSTOM AND PRACTICE OF FAILING TO PROPERLY AND/OR ADEQUATELY TRAIN POLICE OFFICERS

80. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

81. This Cause of Action is brought by Plaintiff against Defendants The City of New York, The New York Police Department, and the Brooklyn District Attorney's Office for deprivation of Plaintiff's constitutional rights within the meaning of 42 U.S.C. § 1983.

82. Prior to Plaintiff's arrest, Defendants City of New York, The New York Police Department, and the Brooklyn District Attorney's Office were grossly negligent and/or developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which caused Plaintiff to have his rights violated by Defendants Police Officers.

12

83. It was the gross negligence, and/or policy and/ or custom, of Defendants City of New York, The New York Police Department, and the Brooklyn District Attorney's Office to inadequately and improperly investigate citizens' complaints of police misconduct, and acts of misconduct were instead tolerated by Defendants City of New York and The New York Police Department.

84. It was the gross negligence, and/or policy and/or custom, of Defendants City of New York, The New York Police Department, and the Brooklyn District Attorney's Office to inadequately supervise and train its police officers, including Defendant Police Officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Defendants City of New York, The New York Police Department, and the Brooklyn District Attorney's Office did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

85. As a result of the above described gross negligence and/or policies and customs, police officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

86. The above described policies and customs demonstrated gross negligence and a deliberate indifference on the part of policymakers of Defendants City of New York, The New York Police Department, and the Brooklyn District Attorney's Office to the constitutional rights of persons within New York City, and were the cause of the violation of Plaintiff's Federal Constitutional rights.

87. As a direct and proximate result of the above-mentioned policy and custom of Defendants City of New York, The New York Police Department, and the Brooklyn

13

District Attorney's Office not to investigate citizens claims of police misconduct, Plaintiff sustained mental and emotional injury, causing him anguish of mind, incurred medical and other expenses, and was caused to have his Federal Constitutional rights violated.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following:

a. Compensatory damages;

b. Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Interest; and

f. Such other and further relief as the Court may deem equitable and just.

## NEW YORK STATE AND COMMON LAW CLAIMS

### COUNT SIX

#### FALSE ARREST

88. Plaintiff repeats and re-alleges all of the foregoing allegation as if set forth at length herein.

89. This Cause of Action is brought by Plaintiff against Defendant Police Officers for deprivation of Plaintiff's Fourth Amendment rights.

90. Defendants Police Officers, acting under the color of state law, did arrest Plaintiff without probable cause.

91. Defendant Police Officers asked Plaintiff whether he lived at the residence.

92. Plaintiff showed Defendant Police Officers his lease and temporary restraining order containing special conditions establishing his occupancy in the home.

14

93. As Plaintiff made efforts to gather his effects in order to leave the apartment Defendant Police Officers nonetheless placed Plaintiff under arrest.

94. Defendant Police Officers ignored Plaintiff's efforts to comply with the officers' instructions and legal documents establishing his occupancy in the home.

95. Defendant Police Officers knew or should have known a custodial arrest made without probable cause is, per se, an unreasonable seizure and therefore violates the Fourth Amendment.

96. The above described acts and omissions of Defendant Police Officers were unreasonable, shocking to the conscious, and were committed intentionally, maliciously, willfully and/or with reckless or deliberate indifference, and in violation of the clearly established constitutional rights of which a reasonable person and/or police officer would have been aware of.

97. Defendant Police Officers knew or should have known that the above described actions were beyond their discretion and was unreasonable in light of the circumstances.

98. As a direct and proximate cause of Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered damages, including physical damage and violation of Plaintiff's Federal Constitutional Rights.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

15

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

## COUNT SEVEN

### MALICIOUS PROSECUTION

93. Plaintiff repeats and re-alleges all of the foregoing allegation as if set forth at length herein.

94. This Cause of Action is brought by Plaintiff against Defendants Police Officers and the Bronx District Attorney's Office for malicious prosecution.

95. Defendant Police Officers and the Bronx District Attorney's Office commenced a criminal proceeding against Plaintiff by arresting him without probable cause and filing false charges of resisting arrest, menacing, harassment, and falsely reporting an incident.

96. Defendants engaged in conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

97. The procurement of prosecution against Plaintiff for the known to be false allegations of resisting arrest, menacing, harassment, and falsely reporting an incident were malicious, shocking, and objectively unreasonable in the light of the circumstances.

98. Those criminal proceedings terminated in Plaintiff's favor.  The charges were dismissed against Plaintiff.

99. In procuring prosecution against Plaintiff, Defendant Police Officers did intend to cause serious mental and emotional distress to Plaintiff by virtue of the false charges filed against Plaintiff.

100.       Plaintiff suffered interference with his person and property by way of his arrest.

101.       The above described intentional actions of Defendant Police Officers and the

16

Bronx District Attorney's Office caused Plaintiff to be deprived of his liberty and did cause Plaintiff to sustain severe, mental and emotional distress and substantial medical and other expenses.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

## COUNT EIGHT

### ASSAULT AND BATTERY

102.     Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

103.     This Cause of Action is brought by Plaintiff against Defendants Police for intentional assault and battery.

104.     Defendant Police Officers intentionally slammed Plaintiff's face against the wall and smashed his face into a closet.   Defendant Police Officers intentionally and repeatedly slammed Plaintiff's body against the walls of the home as they forcibly dragged him out.

105.     Defendant Police Officers and intentionally used excess force to hold Plaintiff to place Plaintiff under arrest, guide him out of the house and into the squad car.

106.    Defendant Police Officers did intend to cause serious physical injury to Plaintiff by virtue of the force used to apprehend Plaintiff.

107.    The above described intentional actions of Defendant Police Officers placed Plaintiff in immediate fear of serious bodily injury and did cause Plaintiff to sustain great physical pain, severe, mental and emotional distress and substantial medical and other expenses.

## COUNT SEVEN

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108.    Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

109.    This Cause of Action is brought by Plaintiff against Defendants Police Officers 1-10, individually and in their official capacity, The City of New York and the New York Police Department for common law intentional infliction of emotional distress.

110.    Defendant Police Officers deprived Plaintiff of his liberty by unreasonably seizing his person and filing false charges that required Plaintiff defend himself against criminal charges, including appearing in court and hiring counsel.

111.    Defendant Police Officers intended to cause Plaintiff emotional distress by intentionally arresting Plaintiff without probable cause although he was the victim of a crime, and by filing false charges against Plaintiff.

112.    As a result of being falsely arrested and maliciously prosecuted by Defendant Police Officers, Plaintiff has suffered severe emotional distress and is wrought with anxiety even by the mere thought or sight of the police.

18

113.     Defendant Police Officers' conduct was so extreme and outrageous that it would shock the conscious of any reasonable person.

114.     Defendant Police Officers' actions were the direct cause of Plaintiff's emotional distress.

115.     As a result of the above mentioned actions, Plaintiff has been damaged, including mental distress, and pain and suffering.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

Law Offices of Montell Figgins
Attorneys for Plaintiff

BY: _____

Dated: June 15, 2014            Montell Figgins, Esq.

19

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

BY: _____

Dated: June 15, 2014                Montell Figgins, Esq.


## DESIGNATION OF TRIAL COUNSEL


Plaintiff hereby designates Montell Figgins, Esq. as trial counsel in the above-captioned

Matter.

BY: _____

Dated: June 15, 2014                Montell Figgins, Esq.


## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy in this action are not the subject of any other action

pending in any other court or of a pending arbitration proceeding, and that no other action or

arbitration proceeding is contemplated.

BY: _____

Dated: June 15, 2014                Montell Figgins, Esq.

20